United States District Court

For the Northern District of California

1

2

3

4

5                  UNITED STATES DISTRICT COURT

6                  NORTHERN DISTRICT OF CALIFORNIA

7

8    THERANOS, INC., *et al.*,                    No. C-11-5236 EMC

9              Plaintiffs,

10         v.                                      **ORDER JOINING FUISZ PHARMA
                                                   LLC; DENYING DEFENDANTS'
11   FUISZ TECHNOLOGIES, LTD., *et al.*,           MOTION TO FILE SUPPLEMENTAL
                                                   OPPOSITION; AND GRANTING
12             Defendants.                         DEFENDANTS' MOTION TO EXTEND
                                                   TIME TO RESPOND TO PLAINTIFFS'
13                                                 COMPLAINT**

14   _____/           **(Docket Nos. 24, 46, 48)**

15

16         Plaintiffs' motion to substitute Fuisz Pharma LLC for Fuisz Technologies, Ltd. came on for

17   hearing before the Court on December 23, 2011. Docket No. 24. Defendants subsequently filed an

18   administrative motion for leave to file a supplemental opposition to Plaintiffs' motion to substitute,

19   and a motion to extend time to respond to Plaintiffs' complaint. Docket Nos. 46, 48. For the

20   reasons set forth below, the Court **DENIES** Plaintiffs' motion to substitute but **JOINS** Fuisz Pharma

21   LLC, **DENIES** Defendants' motion for leave to file a supplemental opposition, and **GRANTS**

22   Defendants' motion to extend time to respond to Plaintiffs' complaint.

23              **I.    FACTUAL & PROCEDURAL HISTORY**

24         Plaintiffs Theranos, Inc. and Elizabeth Holmes filed this suit against Defendants Fuisz

25   Technologies, Ltd., John R. Fuisz, Richard C. Fuisz, and Joseph M. Fuisz, alleging that Defendants

26   took confidential information from Plaintiffs to file Defendants' own patent application. Compl. ¶

27   31. Plaintiffs allege that Plaintiff Holmes developed technology that would transfer real-time

28   medical data to medical professionals and patients to aid in diagnosis and treatment. Compl. ¶ 12.

**United States District Court**
For the Northern District of California

1    In 2003, Plaintiffs retained Defendant John R. Fuisz's law firm to provide legal services to Plaintiffs

2    in prosecuting patent applications covering Plaintiffs' inventions. Compl. ¶ 15. Between 2003 and

3    2006, Defendant John Fuisz's law firm helped Plaintiffs prepare and file patent applications.

4    Compl. ¶ 15. Although Defendant John Fuisz was not involved in these services, as a member of the

5    firm's IP Litigation and Patent Prosecution group, Defendant John Fuisz had access to the

6    confidential and proprietary information related to Plaintiffs' patent application. Compl. ¶¶ 17-19.

7         Defendants Richard and Joseph Fuisz then filed their own patent application, naming

8    Defendants Richard and Joseph Fuisz as the inventors, which ultimately matured into U.S. Patent

9    No. 7,824,612 ("612 Patent") in November 2010. Compl. ¶¶ 29-30, 54. Defendant Fuisz

10   Technologies, Ltd. allegedly listed the 612 Patent as one of Fuisz's patents. Compl. ¶ 56.

11        Based on this patent, Plaintiffs filed this suit on October 26, 2011. In their complaint,

12   Plaintiffs allege that Defendant John Fuisz conspired with Defendants Richard and Joseph. Fuisz to

13   appropriate Plaintiffs' patent information. Compl. ¶ 28. As to Fuisz Technologies, Ltd., it is now

14   evident that Plaintiffs erred in naming it as a Defendant as it never had an ownership interest in the

15   patent at issue. One day after this suit was filed on October 27, 2011, Defendants Richard Fuisz and

16   Joseph Fuisz assigned their interest in the 612 Patent to Fuisz Pharma LLC. Docket No. 25-3, Exh.

17   C. On November 1, 2011, Fuisz Pharma LLC sued Plaintiff Theranos in Delaware, alleging

18   infringement of the 612 Patent. Docket No. 32-1, Exh. E. In this suit, Fuisz Pharma claimed that it

19   owned by assignment all interest in the 612 Patent. Docket No. 32-1, Exh. E ¶ 8.

20        Plaintiffs have moved pursuant to Federal Rule of Civil Procedure 25(c) to substitute Fuisz

21   Pharma LLC for Fuisz Technologies, Ltd. as a defendant in this case because Fuisz Technologies,

22   Ltd. does not and never had an interest in the 612 Patent. Motion at 3. In the alternative, Plaintiffs

23   seek in their reply brief to join Fuisz Pharma LLC as a defendant under Rule 25(c). Docket No. 42

24   at 5 n.2 ("Reply").

## II.   DISCUSSION

25

26   A.    Standard of Review

27        Federal Rule of Civil Procedure 25(c) states that "[i]f an interest is transferred, the action

28   may be continued by or against the original party unless the court, on motion, orders the transferee

1    to be substituted in the action or joined with the original party."  Even after an interest is transferred,

2    Rule 25(c) does not require substitution or joinder.  Instead, "[a]n order of joinder is merely a

3    discretionary determination by the trial court that the transferee's presence would facilitate the

4    conduct of the litigation."  *Educ. Credit Mgmt. Corp. v. Bernal*, 207 F.3d 595, 598 (9th Cir. 2000).

5    B.      Transfer of Interests

6           Parties do not dispute that Defendants Richard and Joseph Fuisz assigned their interest in the

7    612 Patent to Fuisz Pharma LLC.  Plaintiffs also provide evidence that an assignment of the 612

8    Patent occurred immediately after this lawsuit commenced on October 26, 2011.  Docket No. 25-3,

9    Exh. C.

10          However, Defendants argue that a motion to substitute is improper because the interest was

11   transferred from Defendants Richard and Joseph Fuisz, not Fuisz Technologies, Ltd..  Docket No. 32

12   at 7 ("Opp.").  Courts have found it proper to remove a party from the litigation and substitute the

13   new party where there has been a transfer of interest between the parties.  *See In re Chalasani*, 92

14   F.3d 1300, 1312 (2d Cir. 1996) ("For Society to be substituted for State Bank, there must have been

15   a transfer from it to Society"); 7C Charles Alan Wright & Arthur R. Miller, *Federal Practice and*

16   *Procedure* § 1958 (3d ed.) ("The court, if it sees fit, may allow the transferee to be substituted for

17   the transferor").  Here, Plaintiffs do not seek to substitute Fuisz Pharma LLC for Defendants Richard

18   and Joseph Fuisz, even though Defendants Richard and Joseph Fuisz transferred their interest to

19   Fuisz Pharma LLC.  Instead, Plaintiffs seek to substitute Fuisz Pharma LLC for Fuisz Technologies,

20   Ltd. although there was no transfer of interest between these parties.  Accordingly, Fuisz Pharma

21   LLC cannot be substituted for Fuisz Technologies, Ltd.

22          Although substitution is inappropriate in this case, the Court may exercise its discretion to

23   join Fuisz Pharma LLC under Rule 25(c).  *See, e.g.*, *Mars, Inc. v. JCM Am. Corp.*, Civ. No. 05-3165

24   (RBK), 2007 WL 776786, at *2 (D.N.J. Mar. 9, 2007) (denying motion to substitute but exercising

25   discretion to join the same party "[i]n an effort to assure that the proper parties are named in this

26   case").  *See generally* 7C *Federal Practices and Procedure* § 1958 ("[The Court] also is free, if it

27   wishes, to retain the transferor as a party and to order that the transferee be made an additional

28

**United States District Court**

For the Northern District of California

1    party"); *Kowalski v. Mommy Gina Tuna Res.*, Civ. No. 05-00679 BMK, No. 06-00182 BMK, 2008

2    U.S. Dist. LEXIS 29627, at *8 (D. Haw. Apr. 10, 2008).

3        Joinder is expressly permitted by Rule 25(a) in this instance; joinder of Fuisz Pharma LLC is

4    appropriate because its presence in the instant case will facilitate the litigation by bringing in all

5    parties that purport to have an interest in the 612 Patent.  Fuisz Pharma LLC has a demonstrated

6    interest in determining rights to the 612 Patent, as it is currently bringing suit in Delaware against

7    Plaintiffs based on the same patent. Although Plaintiffs did not expressly request joinder (as an

8    alternative to substitution) until their reply brief, the propriety of joining the proper defendant Fuisz

9    Parma LLC is obvious here;  defendants do not seriously contest that whether by joinder or by

10    amendment this party will properly be joined as a defendant in this suit. There is no undue prejudice

11    from the exercise of this Court's discretion to order joinder under Rule 25(a)..

12        In its discretion, the Court will also require that Plaintiffs file an amended complaint that

13    clarifies its allegations.  Plaintiffs indicated that they intend to dismiss Fuisz Technologies, Ltd.

14    from this suit, and that as to the eight claims asserted against it, not all will be asserted against Fuisz

15    Pharma LLC.  The complaint should be amended to clarify which claims will assert against each

16    defendant.

17    ///

18    ///

19    ///

20    ///

21    ///

22    ///

23    ///

24    ///

25    ///

26    ///

27    ///

28    ///

### III.   <u>CONCLUSION</u>

For the reasons stated above, the Court **DENIES** Plaintiffs' motion to substitute but joins Fuisz Pharma LLC as a defendant pursuant to Rule 25(c). In so doing, the Court **DENIES** Defendants' administrative motion for leave to file a supplemental opposition as moot, and **GRANTS** Defendants' motion for an extension of time to answer the complaint.  The Court further orders that Plaintiffs file an amended complaint consistent with this order within 30 days. Defendants shall file their responses to Plaintiffs' complaint within 21 days after Plaintiffs file an amended complaint.

This order disposes of Docket Nos. 24, 46, and 48.


IT IS SO ORDERED.


Dated:  January 10, 2012

_____
EDWARD M. CHEN
United States District Judge