UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THERANOS, INC., et al, | Case No.: C 11-5236 PSG |
| Plaintiffs, | **ORDER RE: SECURITY MEASURES FOR CERTAIN DISCOVERY** |
| v. | |
| FUISZ TECHNOLOGIES, LTD., et al, | **(Re: Docket Nos. 124, 125)** |
| Defendants. | |

Defendants Fuisz Technologies, Ltd., et al ("Fuisz") submitted a letter brief to resolve a discovery procedure dispute between the parties regarding how Plaintiffs Theranos, Inc., et al, ("Theranos") must produce confidential information.[1] Theranos wants to produce certain exceptionally confidential documents subject to heightened security protocols.[2] Fuisz objects that the increased measures exceed the protective order Theranos itself drafted and that the measures

---

[1] *See* Docket No. 124.

[2] *See* Docket No. 125.

Case No.: 11-5236 PSG
ORDER

1

prejudice Fuisz.[3] Fuisz also believes that Theranos has not satisfied its discovery obligations and is using the security dispute to avoid completing production.[4]

Theranos describes the documents at issue as "contain[ing] information regarding revolutionary future Theranos products and avenues of research" and as "so sensitive, that if they were to be leaked, even inadvertently, to those not authorized to see the documents, Theranos risks suffering substantial and irreparable competitive harm."[5] Theranos concedes that the documents do not contain source code but asserts that "the potential harm that Theranos would suffer as a result of these documents being leaked is the same as that a software company would suffer if its source code were leaked."[6] The company offers as a solution to produce to Fuisz's counsel and its experts the documents on a CD with a code that prevents any reproduction of the documents, including printing hard copies.[7]

Fuisz opposes such a restriction because it believes the inability to create paper copies would prevent it from attaching copies – presumably under seal – to motion papers or to provide copies to experts or to deponents.[8] Theranos indicated in its letter that it was willing to give the CDs to Fuisz's experts, to provide paper copies at depositions, and to work with Fuisz to provide paper copies for motion practice.[9] Fuisz counters that having to confer with Theranos to obtain paper copies before depositions and motion practice would require it to reveal work product

---

[3] *See* Docket Nos. 124, 127.

[4] *See* Docket No. 127.

[5] Docket No. 125.

[6] *Id.*

[7] *See id.*

[8] *See* Docket No. 127.

[9] *See* Docket No. 125.

Case No.: 11-5236 PSG
ORDER

2

information.[10] Fuisz further argues that regardless of the offers, Theranos is requiring measures beyond the protective order without seeking to modify the protective order and that its actions really just disguise whether it has satisfied its discovery obligations.[11]

Theranos' concerns regarding having to produce highly confidential information are not unwarranted, but that is why Fed. R. Civ. P. 26(c) allows for protective orders and why the court has approved a protective order for the information produced in this case.[12] Theranos cannot unilaterally object to producing the information absent extra security concessions from Fuisz. It agreed to the protective order to address these concerns.[13] Theranos notably has not asked for a modification of the protective order. To the extent that its opposition to Fuisz's brief can be interpreted as a request for an extra protective order for this limited information, Theranos has not made a sufficient showing why the current protections are insufficient. Although the allegations in this case involve an accusation of misappropriation, Theranos has not yet established liability and more importantly Fuisz's counsel has committed to not providing any of the information to the client absent permission from Theranos.[14] The court also notes that absent a clear definition of the information that would be subject to this heightened security measure, it cannot articulate a specific protective order that does not amount essentially to modifying the blanket protective order with a third confidentiality designation.

As to Fuisz's concerns about whether Theranos' production is deficient, the court advises Fuisz to bring a motion to compel, in letter brief form, if it believes that Theranos has failed to produce certain categories of information. But it reminds the parties that before any discovery

information.[10] Fuisz further argues that regardless of the offers, Theranos is requiring measures beyond the protective order without seeking to modify the protective order and that its actions really just disguise whether it has satisfied its discovery obligations.[11]

Theranos' concerns regarding having to produce highly confidential information are not unwarranted, but that is why Fed. R. Civ. P. 26(c) allows for protective orders and why the court has approved a protective order for the information produced in this case.[12] Theranos cannot unilaterally object to producing the information absent extra security concessions from Fuisz. It agreed to the protective order to address these concerns.[13] Theranos notably has not asked for a modification of the protective order. To the extent that its opposition to Fuisz's brief can be interpreted as a request for an extra protective order for this limited information, Theranos has not made a sufficient showing why the current protections are insufficient. Although the allegations in this case involve an accusation of misappropriation, Theranos has not yet established liability and more importantly Fuisz's counsel has committed to not providing any of the information to the client absent permission from Theranos.[14] The court also notes that absent a clear definition of the information that would be subject to this heightened security measure, it cannot articulate a specific protective order that does not amount essentially to modifying the blanket protective order with a third confidentiality designation.

As to Fuisz's concerns about whether Theranos' production is deficient, the court advises Fuisz to bring a motion to compel, in letter brief form, if it believes that Theranos has failed to produce certain categories of information. But it reminds the parties that before any discovery

---

[10] *See* Docket No. 127.

[11] *See id.*

[12] *See* Docket Nos. 78, 79.

[13] *See* Docket No. 78.

[14] *See* Docket No. 127.

3

Case No.: 11-5236 PSG
ORDER

motion practice, they must meet and confer in person or by telephone.  Email is insufficient under the Civil Local Rules.[15]

Theranos shall produce the confidential documents pursuant to the protective order already in place in this case no later than seven days from this order.

**IT IS SO ORDERED.**

Dated:  April 5, 2013

_____
PAUL S. GREWAL
United States Magistrate Judge

---

[15] *See* Civil L.R. 1-5(n).

Case No.: 11-5236 PSG
ORDER

4