DAVID BOIES (admitted *pro hac vice*)
Email: dboies@bsfllp.com
WILLIAM MARSILLO (admitted *pro hac vice*)
Email: wmarsillo@bsfllp.com
BOIES, SCHILLER & FLEXNER LLP
333 Main Street, Armonk, NY 10504
Telephone: (914) 749-8200
Facsimile: (914) 749-8300

MICHAEL D. JAY (SBN 223827)
Email: mjay@bsfllp.com
BOIES, SCHILLER & FLEXNER LLP
401 Wilshire Blvd., Suite 850
Santa Monica, CA 90401
Telephone: (310) 752-2400
Facsimile: (310) 752-2490

*Attorneys for Plaintiffs*
THERANOS, INC. and ELIZABETH HOLMES

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| THERANOS, INC. and ELIZABETH HOLMES, <br><br> Plaintiffs, <br> v. <br><br> FUISZ PHARMA LLC, RICHARD C. FUISZ, and JOSEPH M. FUISZ, <br><br> Defendants. | Case No. 11-CV-05236-PSG <br><br> **ADMINISTRATIVE MOTION TO FILE PORTIONS OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT AND CERTAIN EXHIBITS UNDER SEAL** <br><br> Dept.:  Courtroom 5, 4th Floor <br> Judge:  Honorable Paul Singh Grewal <br><br> **TRIAL DATE: NOVEMBER 18, 2013** |

Pursuant to Civil Local Rules 7-11, 79-5(a) and 79-5(d), as well as the May 7, 2010, Protective Order (Dkt. No. 79) entered in this case, Plaintiffs Theranos, Inc. and Elizabeth Holmes (collectively, "Theranos") hereby move to file under seal the following materials, which have been designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by one or more parties in this case:

- Exhibits 7–14, 26, 28–36, and 38 to the Declaration of William Marsillo in Support of Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment, in whole or in part, as detailed further below and in the accompanying Declaration of Michael D. Jay;

- Portions of the Declaration of Robert Leonard In Support of Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment, in particular portions of the chart reflected on pages 13–18 of that Declaration;

- The Declaration of Noel Holmes In Support of Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment;

- The Declaration of Channing Robertson In Support of Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment; and

- Portions of Plaintiffs brief in Opposition to Defendants' Motion for Partial Summary Judgment referencing those exhibits and supporting declarations, as well as portions of the Opposition referencing exhibits that the parties moved to file under seal in connection with Defendants' Motion (*see* Dkts. 171, 175, 178).

The Protective Order provides that, where material has been designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by another party, the filing party may not file it in the public record and must seek to file it under seal. (Dkt. No. 79, at ¶ 14.4.)  Most of the documents and excerpts identified above have been designated "Confidential" or "Highly Confidential – Attorneys Eyes Only" by Defendants or third parties.  Specifically, Exhibits 9, 10, 12, 28, 30, 31, 32, 34, 35, 36, and 38 to the Marsillo Declaration, as well as and the documents excerpted in the Leonard Declaration in the chart on pages 13–18, have been designated either "Highly Confidential – Attorneys' Eyes Only" or "Confidential" by Defendants or third party John Fuisz.  Similarly, third party McDermott, Will & Emery, LLP has designated Exhibits 7, 8, 11, and 33 to the Marsillo Declaration "Confidential" under the Protective Order.  Accordingly, Theranos moves to file under seal these documents as well as the portions of the Opposition quoting or describing them.  Theranos also moves to file under seal portions of the Opposition quoting or describing the Declaration of

1 Jennifer Ishimoto in Support of the Fuisz Defendants' Summary Judgment Motion (Dkt. No. 172-1),
2 which Defendants have also designated either "Highly Confidential – Attorneys' Eyes Only" or
3 "Confidential" under the Protective Order.  Theranos states no position as to whether disclosure of
4 materials marked by Defendants or third parties as "Confidential" or "Highly Confidential –
5 Attorneys' Eyes Only" would cause harm to any party.

6 In addition, Theranos seeks to file under seal the Holmes Declaration, the Robertson
7 Declaration, certain portions of the material found in Exhibits 8, 13, and 14 of the Marsillo
8 Declaration, and the entirety of Exhibits 26 and 29 of the Marsillo Declaration, as well as the portions
9 of the Opposition quoting or describing these documents.  Theranos has narrowly tailored these
10 designations out of consideration of the dispositive nature of this motion and the public interest in
11 access to the judicial process, and has accordingly determined that, under the circumstances, although
12 they merit protection under the Protective Order, certain portions of Exhibit 13 (as detailed in the
13 accompanying Jay Declaration) and the entirety of Exhibit 27 may be filed publicly without undue
14 harm to Theranos.  However, as described in the Jay Declaration, disclosure of certain other portions
15 of Exhibits 8, 13, 14, 26, and 29 to the Marsillo Declaration, as well as the Robertson and Holmes
16 Declarations, would reveal, among other things, Theranos's patent-prosecution strategy, business
17 plans, and personal information relating to third parties.  There are compelling reasons to seal such
18 material.  *See Network Appliance, Inc. v. Sun Microsystems Inc.*, No. C-07-06053 EDL, 2010 WL
19 841274, at *4 (N.D. Cal. Mar. 10, 2010) (sealing business plans); *see also Monster Cable Products,*
20 *Inc. v. Discovery Commc'ns, Inc.*, No. 03-CV-3250 (WHA), 2004 WL 5518164 (N.D. Cal. Oct. 19,
21 2004) (sealing expert report).  To protect Theranos from undue harm as a result of those disclosures,
22 the remainder of these narrowly tailored selections should remain under seal.

24 Dated: August 12, 2013          BOIES, SCHILLER & FLEXNER LLP

25                                By:  */s/ Michael D. Jay*
26                                     Michael D. Jay

27                                *Attorneys for Plaintiffs*
                                   THERANOS, INC. and ELIZABETH HOLMES