UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THERANOS, INC. and ELIZABETH HOLMES, <br><br> Plaintiffs, <br> v. <br><br> FUISZ PHARMA LLC, et al., <br><br> Defendants. | Case No.: 5:11-cv-05236-PSG <br><br> **ORDER GRANTING LEAVE TO AMEND INVALIDITY CONTENTIONS** <br><br> **(Re: Docket No. 188)** |

Before the court is Plaintiffs Theranos, Inc. and Elizabeth Holmes' (collectively, "Theranos") motion to amend its invalidity contentions to (1) reference three additional prior art references ("the Japanese art")[1] and (2) to make clear that a previously disclosed patent reference, U.S. Patent No. 5,089,229 ("the '229 patent")[2], applies both to dependent and independent claims of U.S. Patent No. 7,824,612 ("the '612 patent").  Defendants

---

[1] The three references that Theranos contends had "never seen" prior to Mr. Schiavelli's deposition include (1) Siddiqui, et al., "System for Monitoring Physiological Characteristics," PCT No. WO 2005/065538 A2, published July 21, 2005 ("Siddiqui"); (2) Watanabe, et al., "Dosage Determination Supporting Device, Injector, and Health Management Supporting System," Japanese Laid-Open Publication No. 2004-555 (corresponding to European Patent Application EP 1 498 067 A1, published January 19, 2005) ("Watanabe"); and (3) Wakatake, "Automatic Analyzer for Feces Occult Blood," Japanese Laid-Open Publication No. 08-035969, published June 2, 1996 ("Wakatake"). *See* Docket Nos. 193-95.

[2] Theranos previously cited the '229 patent in reference to its invalidity contentions of dependent claims 3, 10, 13, and 15 of the '612 patent. *See* Docket No. 196.

1
Case No.: 5:11-cv-05236-PSG
ORDER

Fuisz Pharma LLC, Joseph Fuisz, and Richard Fuisz (collectively, "the Fuisz Defendants") oppose. Yesterday the parties appeared for a hearing. Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that Theranos' motion to amend its invalidity contentions is GRANTED.

## I. LEGAL STANDARDS

Theranos may supplement its invalidity contentions upon a timely showing of "good cause."[3] Absent undue prejudice to the non-moving party, the recent "discovery of material, prior art despite earlier diligent search" supports a finding of good cause.[4] The local patent rules in the Northern District of California" require "both the plaintiff and the defendant in patent cases to provide early notice of their infringement and invalidity contentions, and to proceed with diligence in amending those contentions when new information comes to light in the course of discovery. The rules thus seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories."[5] Whether good cause has been established is within the sound discretion of the trial court.[6]

## II. DISCUSSION

First, the court addresses the Japanese art. The parties do not dispute that Theranos acted diligently after discovering the existence of the Japanese art or that the Fuisz Defendants have not suffered significant, if any, prejudice. Instead, the Fuisz Defendants hang their argument on an

---

[3] Patent L.R. 3-6.

[4] *Id.*

[5] *Golden Hour Data Systems, Inc. v. Health Services Integration, Inc.*, Case No. 06-cv-7477-SI, 2008 WL 2622794, at *2 (N.D. Cal. Jul.1, 2008) (citing *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 (Fed. Cir. 2006)).

[6] *See Vasudevan Software, Inc. v. International Business Machines Corp.*, Case No. 09-cv-05897-RS (HRL), 2011 WL 940263, at *1 (N.D. Cal. Feb. 18, 2011).

oral agreement that "Theranos agreed to waive its right to discovery of foreign prosecution documents."[7] The Fuisz Defendants further argue that Theranos' failure to identify publicly available prior art evidences Theranos' lack of diligence.

Theranos responds that it acted diligently and the Fuisz Defendants face no prejudice. Upon learning "that a foreign jurisdiction had rejected a counterpart to the '612 Patent" Theranos began an immediate investigation into potentially unproduced prior art. Theranos supports its diligence claim by highlighting its August 2012 request for "documents that refer or relate to the '612 Patent, including any provisionals or patent applications relating to the '612 patent" and the related prosecution history.[8] Moreover, Theranos "conservatively" estimates that it spent hundreds of hours reviewing prior art and preparing its invalidity contentions.[9] Finally, Theranos argues the Fuisz Defendants must have known about the Japanese art, because the Japanese Patent Office ("JPO") cited the Japanese art when it rejected the Fuisz Defendants' "mirror image" Japanese patent application.

The court agrees with Theranos that its (1) diligent response to the new prior art and (2) the uncontroverted absence of prejudice warrant leave to amend with respect to the Japanese art.

The court next turns to the second part of Theranos' motion for leave in which it asks the court "out of an abundance of caution" to "make clear" the previously disclosed '229 patent "applies with equal force to independent Claims 1 and 9" as it does to four dependent claims (Claims 3, 10, 13, and 15) that the '229 patent was originally cited against. Again, the Fuisz Defendants' face little prejudice because they were already on notice that Theranos planned to rely on the '229 patent to invalidate related dependent claims of the '612 patent. The court is persuaded that Theranos' should be permitted to amend its contentions relating to the '229 patent.

---

[7] Docket No. 238 at 1.

[8] Docket No. 201 at 6.

[9] See Docket No. 189 at ¶2.

3

Case No.: 5:11-cv-05236-PSG
ORDER

IT IS SO ORDERED.

Dated: October 2, 2013

                                                        _____
                                                        PAUL S. GREWAL
                                                        United States Magistrate Judge

4

Case No.: 5:11-cv-05236-PSG
ORDER