UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THERANOS, INC. and ELIZABETH HOLMES,<br><br>   Plaintiffs,<br>v.<br><br>FUISZ PHARMA LLC, et al.,<br><br>   Defendants. | Case No.: 5:11-cv-05236-PSG<br><br>**ORDER GRANTING-IN-PART DEFENDANTS' REQUEST TO FILE PORTIONS OF DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND ACCOMPANYING EXHIBITS UNDER SEAL**<br><br>**(Re: Docket No. 236)** |

Before the court is Defendants Fuisz Pharma LLC, Richard C. Fuisz, and Joseph M. Fuisz's (collectively, "the Fuisz Defendants") administrative motion to file documents under seal.[1] The court considers these documents below.

## I. LEGAL STANDARDS

"Historically, courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'"[2] Accordingly, when considering a sealing

---

[1] *See* Docket No. 236.

[2] *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n. 7 (1978)).

1
Case No.: 5:11-cv-05236-PSG
ORDER GRANTING-IN-PART DEFENDANTS' REQUEST TO FILE PORTIONS OF
DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY
JUDGMENT AND ACCOMPANYING EXHIBITS UNDER SEAL

request, "a 'strong presumption in favor of access' is the starting point."[3] Parties seeking to seal judicial records relating to dispositive motions bear the burden of overcoming the presumption with "compelling reasons" that outweigh the general history of access and the public policies favoring disclosure.[4]

Records attached to nondispositive motions, however, are not subject to the strong presumption of access.[5] Because the documents attached to nondispositive motions "are often unrelated, or only tangentially related, to the underlying cause of action," parties moving to seal must meet the lower "good cause" standard of Rule 26(c).[6] As with dispositive motions, the standard applicable to nondispositive motions requires a "particularized showing"[7] that "specific prejudice or harm will result" if the information is disclosed.[8] "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" will not suffice.[9] A protective order sealing the documents during discovery may reflect the court's previous determination that good cause exists to keep the documents sealed,[10] but a blanket protective order that allows the parties to designate confidential documents does not provide sufficient judicial scrutiny to determine whether

---

[3] *Id.* (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)).

[4] *Id.* at 1178-79.

[5] *See id.* at 1180.

[6] *Id.* at 1179 (internal quotations and citations omitted).

[7] *Id.*

[8] *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002); *see* Fed. R. Civ. P. 26(c).

[9] *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

[10] *See Kamakana,* 447 F.3d at 1179-80.

2
Case No.: 5:11-cv-05236-PSG
ORDER GRANTING-IN-PART DEFENDANTS' REQUEST TO FILE PORTIONS OF DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND ACCOMPANYING EXHIBITS UNDER SEAL

each particular document should remain sealed.[11]

In addition to making particularized showings of good cause, parties moving to seal documents must comply with the procedures established by Civ. L.R. 79-5. Pursuant to Civ. L.R. 79-5(b), a sealing order is appropriate only upon a request that establishes the document is "sealable," or "privileged or protectable as a trade secret or otherwise entitled to protection under the law." "The request must be narrowly tailored to seek sealing only of sealable material, and must conform with Civil L.R. 79-5(d)."[12] "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable."[13]

## II. DISCUSSION

### A.     The Fuisz Defendants' Reply Brief and Supporting Exhibits

The Fuisz Defendants filed an administrative motion to seal (1) portions of its reply in support of its motion for summary judgment and (2) Exhibits 1-3 and 5-6 in support of their motion.[14] Because these documents relate to a dispositive motion for summary judgment, the compelling reasons standard applies.

---

[11] *See* Civ. L.R. 79-5(d)(1)(A) ("Reference to a stipulation or protective order that allows a party to designate certain documents as confidential is not sufficient to establish that a document, or portions thereof, are sealable.").

[12] Civ. L.R. 79-5(b). In part, Civ. L.R. 79-5(d) requires the submitting party to attach a "proposed order that is narrowly tailored to seal only the sealable material" which "lists in table format each document or portion thereof that is sought to be sealed," Civ. L.R. 79-5(d)(1)(b), and an "unredacted version of the document" that indicates "by highlighting or other clear method, the portions of the document that have been omitted from the redacted version," Civ. L.R. 79-5(d)(1)(d).

[13] Civ. L.R. 79-5(e)(1). The Civil Local Rules have recently been amended shortening the time available to the designating party to file a supporting declaration from seven days to four days. As this rule change was only recently implemented the court applies the prior form of Civ. L.R. 79-5 for the purposes of this order.

[14] *See* Docket No. 236 at 2.

3
Case No.: 5:11-cv-05236-PSG
ORDER GRANTING-IN-PART DEFENDANTS' REQUEST TO FILE PORTIONS OF DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND ACCOMPANYING EXHIBITS UNDER SEAL

### 1. Exhibits 2, 3, and 5

The Fuisz Defendants ask the court to seal Exhibits 2, 3, and 5 which have been designated "Confidential" or "Highly Confidential – Attorneys' Eyes Only" by the Fuisz Defendants pursuant to the protective order in this case. The Fuisz Defendants claim that these exhibits contain business or personal information relating to the development and prosecution of the '612 patent as well as general business discussions. Additionally, "the excerpts from Richard Fuisz's deposition discuss other inventions and technical work that he has done in the past. As such, they contain information that the Fuisz Defendants consider confidential business and technical information that would be harmful to the Fuisz Defendants if made public."[15]

After reviewing the Fuisz Defendants' declaration and Exhibits 2, 3, and 5, the court finds the compelling reasons standard has been met as to Exhibit 5 which details technical information that the Fuisz Defendants represent remains confidential. Exhibits 2 and 3 do not meet the compelling reasons standard and will not be sealed.

### 2. Exhibit 1

The Fuisz Defendants ask the court to seal Exhibit 1 from the transcript of John Fuisz because it was designated "Confidential" pursuant to the protective order in this case by third-party McDermott, Will, & Emery LLP ("MWE").[16] No declaration supporting the sealing of Exhibit 1 was filed pursuant to Civ. L.R. 79-5. After reviewing Exhibit 1 the court finds the compelling reasons standard has not been met. Exhibit 1 will not be sealed.

### 3. Exhibit 6

Exhibit 6 contains excerpts from the transcript of Elizabeth Holmes' ("Holmes") deposition. Defendants claim Plaintiffs designated the deposition testimony as either

---

[15] Docket No. 236-1 at ¶ 4.

[16] *See id.* at ¶ 5.

4
Case No.: 5:11-cv-05236-PSG
ORDER GRANTING-IN-PART DEFENDANTS' REQUEST TO FILE PORTIONS OF DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND ACCOMPANYING EXHIBITS UNDER SEAL

"Confidential" or "Highly Confidential – Attorneys' Eyes Only" pursuant to the protective order in this case.[17] Plaintiffs filed a declaration supporting the sealing of Exhibit 6 pursuant to Civ. L.R. 79-5.[18] Plaintiffs limit their proposed redactions to lines 1-7 of page 208 of the Holmes deposition transcript. Plaintiffs claim that the transcript appears "to contain a partial answer to a question that may relate to terms of an employment agreement made by Theranos with a current or former Theranos employee and/or may implicate an agreement with a third party and/or a current or former Theranos employee, which may contain a confidentiality provision."[19] The court previously issued an order granting the limited redactions requested by Plaintiffs.[20]

### 4. Reply Brief

The Fuisz Defendants' sealing motion asks the court to seal "portions of its motion that refer or cite to the above confidential exhibits."[21] "Although Defendants do not believe that these sections alone are summaries or extractions of the confidential information in the exhibits themselves" the Fuisz Defendants ask the court to seal the portions of the reply brief out of an abundance of caution.[22] No declaration supporting the sealing of Defendants' reply brief has been filed. After reviewing the redacted portions of the reply brief the court finds the compelling reasons standard has not been satisfied. The reply brief will not be sealed.

The court GRANTS-IN-PART the Fuisz Defendants' administrative motion to seal.

---

[17] *See id.*

[18] *See* Docket No. 247 (Declaration of Michael Jay).

[19] Docket No. 247 at ¶5.

[20] *See* Docket No. 270 (order).

[21] Docket No. 236 at 2; *see also* Docket No. 237 (reply brief).

[22] Docket No. 236 at 2.

5
Case No.: 5:11-cv-05236-PSG
ORDER GRANTING-IN-PART DEFENDANTS' REQUEST TO FILE PORTIONS OF DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND ACCOMPANYING EXHIBITS UNDER SEAL

**IT IS SO ORDERED.**

Dated: October 24, 2013

*[signature]*
PAUL S. GREWAL
United States Magistrate Judge