UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THERANOS, INC. and ELIZABETH HOLMES, <br><br> Plaintiffs, <br> v. <br><br> FUISZ PHARMA LLC, et al., <br><br> Defendants. | Case No. 5:11-cv-05236-PSG <br><br> **ORDER DENYING MOTION TO APPEAR PRO HAC VICE** <br><br> **(Re: Docket No. 285)** |

Before the court is Sudip Kundu's motion for leave to appear pro hac vice on behalf of Defendants Fuisz Pharma LLC, Richard Fuisz, and Joseph Fuisz. Plaintiffs Theranos, Inc. and Elizabeth Holmes oppose Kundu's pro hac vice application.

The gist of the dispute is that Kundu's law partner is John Fuisz, a brother to and son of two individual defendants in this case and a potential witness at trial. To address Theranos' insistence that John Fuisz not gain access to materials designated by Theranos as Attorney's Eyes Only, Defendants propose to retain Kundu individually.

Without wading into the sea of aspersions, the court simply notes that it cannot accept the proposition that adequate silos may be maintained within a two-person firm. This is not an

indictment of Kundu or John Fuisz's integrity in any way, shape, or form, but rather a recognition that the risk of inadvertent disclosure in such a setting is simply too great.[1]

**IT IS SO ORDERED.**

Dated: January 22, 2014

PAUL S. GREWAL
United States Magistrate Judge

---

[1] *Cf. Hitachi, Ltd. v. Tatung Co.*, 419 F. Supp. 2d 1158, 1165 (N.D. Cal. 2006)

> "The small size of Greenberg's Silicon Valley intellectual property department exacerbates the problem of proximity and leads the Court to conclude that the ethical wall is insufficient. Because of the small number attorneys practicing intellectual property in Greenberg's Silicon Valley office, and the even smaller number of attorneys practicing only intellectual property and intellectual property litigation, Mr. Hong likely has substantial contact with the Greenberg intellectual property attorneys handling this case.";

*Presidio Components, Inc. v. Am. Technical Ceramics Corp.*, 546 F. Supp. 2d 951, 958 (S.D. Cal. 2008)

> "Here, the patent prosecutors and litigators are at the same firm, in the same building." The small size of the firm "increases the likelihood of inadvertent disclosure, since the members of the firm who are prosecuting the patents at issue will be under supervision. Further, the physical and electronic restrictions" the firm "would have to implement, in addition to creating an ethical wall, increase the already-high risk of inadvertent disclosure. These restrictions would not be foolproof" and there might be "many situations where confidential information could be inadvertently disclosed, and it would be difficult under those circumstances to enforce the terms of the protective order." (internal citations and quotations omitted));

*Enzo Life Sciences, Inc. v. Adipogen Corp.*, Case No. 1:11-cv-00088-RGA, 2013 WL 6138791, at *5 (D. Del. Nov. 20, 2013)

> "The size of the firm favors disqualification. Cousins Chipman & Brown is composed of only eight attorneys. '[C]ourts analyzing this factor have considered a firm's small size to be a detriment rather than an asset in implementing an effective screen.' *Dworkin v. Gen. Motors Corp.*, 906 F. Supp. 273, 280 (E.D. Pa. 1995). For instance, the Court in *Decora* found that an office of approximately 44 attorneys was too small to allow for an effective screen. *Decora Inc. v. DW Wallcovering, Inc.*, 899 F. Supp. 132, 140 (S.D.N.Y. 1995).".