1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THERANOS, INC. and ELIZABETH HOLMES, | Case No. 5:11-cv-05236-PSG |
| Plaintiffs, | **ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING SUDIP KUNDU'S APPLICATION TO APPEAR PRO HAC VICE** |
| v. | |
| FUISZ PHARMA LLC, et al., | |
| Defendants. | |
| | **(Re: Docket Nos. 299 and 306)** |

Defendants Fuisz Pharma, LLC, Richard Fuisz, and Joseph Fuisz seek leave of the court to file a motion for reconsideration of the court's order denying Sudip Kundu's motion for leave to appear pro hac vice in this case.[1]  After considering the arguments, the court DENIES Defendants' motion.

In the interests of expediency the court turns directly to the motion before it.  Unfamiliar readers are directed to the court's prior order denying Defendants' motion for summary judgment.[2]

---

[1] *See* Docket No. 306.

[2] *See* Docket No. 258.

1

Case No. 5:11-cv-05236-PSG
ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION
OF THE COURT'S ORDER DENYING SUDIP KUNDU'S APPLICATION TO APPEAR
PRO HAC VICE

# I. LEGAL STANDARDS

## A.    Motions For Reconsideration

"Although Rule 59(e) permits a district court to reconsider and amend a previous order, the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources."[3]   Civil L.R. 7-9(b) requires that to obtain leave to file a motion for reconsideration, the moving party must specifically show:

(1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought.  The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order;

(2) The emergence of new material facts or a change of law occurring after the time of such order; or

(3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

"Indeed, a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law."[4]   "A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."[5]   Here, Defendants seek leave to move for reconsideration based on their belief that the court committed clear error through a manifest failure by the court to consider material facts or dispositive legal arguments.

---

[3] *Kona Enterprises, Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (internal quotations and citations omitted).

[4] *Id.*

[5] *Id.*

Case No. 5:11-cv-05236-PSG
ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION
OF THE COURT'S ORDER DENYING SUDIP KUNDU'S APPLICATION TO APPEAR
PRO HAC VICE

**United States District Court**
For the Northern District of California

**B.      Disqualification of Counsel**

Because the determination of whether Kundu should be permitted to represent Defendants in this case really amounts to a motion for (dis)-qualification,[6] the court looks to California state law on this issue.[7]  The "decision to disqualify counsel for conflict of interest is within the trial court's discretion."[8]  "Disqualification motions are subject to strict judicial scrutiny given the potential for abuse."[9]

"A motion to disqualify a party's counsel may implicate several important interests. Consequently, judges must examine these motions carefully to ensure that literalism does not deny the parties substantial justice."[10]  Depending on the circumstances, a court's decision whether disqualification is warranted "may involve such considerations as a client's right to chosen counsel, an attorney's interest in representing a client, the financial burden on a client to replace disqualified counsel, and the possibility that tactical abuse underlies the disqualification motion."[11] "Nevertheless, determining whether a conflict of interest requires disqualification involves more than just the interests of the parties."[12]

---

[6] Evaluating an opposed pro hac vice application as a motion for qualification in light of imputed conflicts in not unprecedented.  *See, e.g.*, *Pierce & Weiss, LLP v. Subrogation Partners LLC*, 701 F. Supp. 2d 245, 257 (E.D.N.Y. 2010) (denying attorney's application for admission pro hac vice on the basis of imputed conflict).

[7] *Moreno v. Autozone, Inc.*, Case No. 3:05-cv-04432-MJJ, 2007 WL 4287517, at *2 (N.D. Cal. Dec. 6, 2007) ("Motions to disqualify counsel are decided under state law.") (citing *In re County of Los Angeles,* 223 F.3d 990, 995 (9th Cir. 2000)).

[8] *Id.* (citing *Trone v. Smith,* 621 F.2d 994, 999 (9th Cir. 1980)).

[9] *Id.* (citing *Optyl Eyewear Fashion International Corp. v. Style Companies, Ltd.,* 760 F.2d 1045, 1049 (9th Cir. 1985)).

[10] *People ex rel. Dep't of Corporations v. SpeeDee Oil Change Sys., Inc.*, 20 Cal. 4th 1135, 1144-45 (1999) (citing *Comden v. Superior Court*, 20 Cal. 3d 906, 915 (1978)).

[11] *Id.* at 1145 (citing *In re Complex Asbestos Litig.*, 232 Cal. App. 3d 572, 586 (1991); *River West, Inc. v. Nickel*, 188 Cal. App. 3d 1297, 1308-09 (1987).

[12] *Id.*

3

Case No. 5:11-cv-05236-PSG
ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION
OF THE COURT'S ORDER DENYING SUDIP KUNDU'S APPLICATION TO APPEAR
PRO HAC VICE

United States District Court
For the Northern District of California

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

"A trial court's authority to disqualify an attorney derives from the power inherent in every court '[t]o control in furtherance of justice, the conduct of its ministerial officers, and of all other persons in any manner connected with a judicial proceeding before it, in every matter pertaining thereto.'"[13]   Ultimately, the decision of whether disqualification is warranted balances the "conflict between the clients' right to counsel of their choice and the need to maintain ethical standards of professional responsibility."[14]   "The paramount concern must be to preserve public trust in the scrupulous administration of justice and the integrity of the bar.  The important right to counsel of one's choice must yield to ethical considerations that affect the fundamental principles of our judicial process."[15]

The California Supreme Court has also noted that protecting "the confidentiality of communications between attorney and client is fundamental" to our legal system and the "attorney-client privilege is a hallmark of our jurisprudence that furthers the public policy of ensuring the right of every person to freely and fully confer and confide in one having knowledge of the law, and skilled in its practice, in order that the former may have adequate advice and a proper defense."[16]   "To this end, a basic obligation of every attorney is '[t]o maintain inviolate the confidence, and at every peril to himself or herself to preserve the secrets, of his or her client.'"[17]

---

[13] *Id.* (citing Code Civ. Proc., § 128, subd. (a)(5); *People ex rel. Clancy v. Superior Court*, 39 Cal. 3d 740, 745 (1985); *Comden*, 20 Cal. 3d 916, n.4; *In re Complex Asbestos*, 232 Cal. App. 3d at 585).

[14] *Id.* (citing *Comden*, 20 Cal. 3d at 915).

[15] *Id.* at 1145-46 (citing *Comden*, 20 Cal. 3d at 915; *In re Complex Asbestos*, 232 Cal. App. 3d at 586; *River West*, 188 Cal. App. 3d at 1306-08; 1 Hazard & Hodes, *The Law of Lawyering*, § 1.7:101, pp. 223-225 (discussing the assumed function of automatic disqualification rules in maintaining public confidence in the legal system)).

[16] *Id.* at 1146 (citing *Mitchell v. Superior Court*, 37 Cal. 3d 591, 599 (1984)) (quotations omitted).

[17] *Id.* (quoting the secrets, of his or her client Cal. Bus. & Prof. Code § 6068(e)).

4

Case No. 5:11-cv-05236-PSG
ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING SUDIP KUNDU'S APPLICATION TO APPEAR PRO HAC VICE

## II. DISCUSSION

The gist of the ongoing dispute is that Kundu's law partner is John Fuisz, a brother to and son of two individual defendants in this case and a potential witness at trial. To address Theranos' insistence that John Fuisz not gain access to materials designated by Theranos as Attorney's Eyes Only, Defendants propose to retain Kundu individually.

In its initial order on this issue the court noted:

> The court "cannot accept the proposition that adequate silos may be maintained within a two-person firm. This is not an indictment of Kundu or John Fuisz's integrity in any way, shape, or form, but rather a recognition that the risk of inadvertent disclosure in such a setting is simply too great."[18]

In arriving here the court weighed competing factors: Defendants' right to retain counsel of their choosing against the court's primary interest in preserving "public trust in the scrupulous

---

[18] Docket No. 299 at 2 (citing *Hitachi, Ltd. v. Tatung Co.*, 419 F. Supp. 2d 1158, 1165 (N.D. Cal. 2006)

"The small size of Greenberg's Silicon Valley intellectual property department exacerbates the problem of proximity and leads the Court to conclude that the ethical wall is insufficient. Because of the small number attorneys practicing intellectual property in Greenberg's Silicon Valley office, and the even smaller number of attorneys practicing only intellectual property and intellectual property litigation, Mr. Hong likely has substantial contact with the Greenberg intellectual property attorneys handling this case.";

*Presidio Components, Inc. v. Am. Technical Ceramics Corp.*, 546 F. Supp. 2d 951, 958 (S.D. Cal. 2008)

"Here, the patent prosecutors and litigators are at the same firm, in the same building." The small size of the firm "increases the likelihood of inadvertent disclosure, since the members of the firm who are prosecuting the patents at issue will be under supervision. Further, the physical and electronic restrictions" the firm "would have to implement, in addition to creating an ethical wall, increase the already-high risk of inadvertent disclosure. These restrictions would not be foolproof" and there might be "many situations where confidential information could be inadvertently disclosed, and it would be difficult under those circumstances to enforce the terms of the protective order." (internal citations and quotations omitted));

*Enzo Life Sciences, Inc. v. Adipogen Corp.*, Case No. 1:11-cv-00088-RGA, 2013 WL 6138791, at *5 (D. Del. Nov. 20, 2013)

"The size of the firm favors disqualification. Cousins Chipman & Brown is composed of only eight attorneys. '[C]ourts analyzing this factor have considered a firm's small size to be a detriment rather than an asset in implementing an effective screen.' *Dworkin v. Gen. Motors Corp.*, 906 F. Supp. 273, 280 (E.D. Pa. 1995). For instance, the Court in *Decora* found that an office of approximately 44 attorneys was too small to allow for an effective screen. *Decora Inc. v. DW Wallcovering, Inc.*, 899 F. Supp. 132, 140 (S.D.N.Y. 1995).").

Case No. 5:11-cv-05236-PSG
ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION
OF THE COURT'S ORDER DENYING SUDIP KUNDU'S APPLICATION TO APPEAR
PRO HAC VICE

administration of justice and the integrity of the bar."[19]  Even without crediting Plaintiffs'

allegations in this case, the court found that granting John Fuisz's sole law partner access to AEO

materials generated too great a risk of inadvertent disclosure.  It must be noted that Kundu was not

Defendants' first, or even second, chosen counsel in this case.[20]  It is also telling that Defendants

elect to proceed pro se – they intend to rely on outside counsel to help review AEO materials.

Finally, the court's order does not preclude swaths of potential counsel - just a single attorney, who

the court found engendered too great a risk of inadvertent disclosure of AEO material.

In sum, because the court does not believe it committed clear error through a manifest

failure by not considering material facts or dispositive legal arguments, Defendants' request for

leave to file a motion for reconsideration is not warranted.

**IT IS SO ORDERED.**

Dated: January 31, 2014

PAUL S. GREWAL
United States Magistrate Judge

---

[19] *Supra* note 15.

[20] Defendants previously retained both the Kendall Brill & Klieger and Banie & Ishimoto law firms
in this case.  *See* Docket No. 61.

Case No. 5:11-cv-05236-PSG
ORDER DENYING MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION
OF THE COURT'S ORDER DENYING SUDIP KUNDU'S APPLICATION TO APPEAR
PRO HAC VICE