UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| THERANOS, INC. and ELIZABETH HOLMES,<br><br>      Plaintiffs,<br><br> v.<br><br>FUISZ PHARMA LLC, et al.,<br><br>      Defendants. | Case No. 5:11-cv-05236-PSG<br><br>**[PROPOSED] PRELIMINARY JURY INSTRUCTIONS** |

## I. DUTY OF JURY

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set throughout the trial to which to refer. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

## II. WHAT A PATENT IS AND HOW ONE IS OBTAINED

This case involves a dispute relating to a United States patent.  Before summarizing the positions of the parties and the legal issues involved in the dispute, let me take a moment to explain what a patent is and how one is obtained.

Patents are granted by the United States Patent and Trademark Office (sometimes called "the PTO").  The process of obtaining a patent is called patent prosecution.  A valid United States patent gives the patent holder the right for up to 20 years from the date the patent application was filed to prevent others from making, using, offering to sell, or selling the patented invention within the United States, or from importing it into the United States, without the patent holder's permission.

To obtain a patent one must file an application with the PTO.  The PTO is an agency of the federal government and employs trained examiners who review applications for patents.  The application includes what is called a "specification," which must contain a written description of the claimed invention telling what the invention is, how it works, how to make it and how to use it so others skilled in the field will know how to make or use it.  The specification concludes with one or more numbered sentences.  These are the patent "claims."  When the patent is eventually granted by the PTO, the claims define the boundaries of its protection and give notice to the public of those boundaries.

After the applicant files the application, an Examiner reviews the application to determine whether or not the claims are patentable (appropriate for patent protection) and whether or not the specification adequately describes the invention claimed.  In examining a patent application, the Examiner reviews certain information about the state of the technology at the time the application was filed.  The PTO searches for and reviews information that is publicly available or that is submitted by the applicant.  This information is called "prior art."  The Examiner reviews this prior art to determine whether or not the invention is truly an advance over the state of the art at the time.

3
Case No. 5:11-cv-05236-PSG
[PROPOSED] PRELIMINARY JURY INSTRUCTIONS

Prior art is defined by law, and I will give you, at a later time during these instructions, specific instructions as to what constitutes prior art. However, in general, prior art includes information that demonstrates the state of technology that existed before the claimed invention was made or before the application was filed. A patent lists the prior art that the Examiner considered; this list is called the "cited references."

After the prior art search and examination of the application, the Examiner informs the applicant in writing of what the Examiner has found and whether the Examiner considers any claim to be patentable and, thus, would be "allowed." This writing from the Examiner is called an "Office Action." If the Examiner rejects the claims, the applicant has an opportunity to respond to the Examiner to try to persuade the Examiner to allow the claims, and to change the claims or to submit new claims. This process may go back and forth for some time until the Examiner is satisfied that the application meets the requirements for a patent and the application issues as a patent, or that the application should be rejected and no patent should issue. Sometimes, patents are issued after appeals within the PTO or to a court. The papers generated during these communications between the Examiner and the applicant are called the "prosecution history."

The fact that the PTO grants a patent does not necessarily mean that any invention claimed in the patent, in fact, deserves the protection of a patent. For example, the PTO may not have had available to it all other prior art that will be presented to you. It is your job to consider the evidence presented by the parties and determine independently whether or not Theranos has proven that the patent is invalid.

## III. PATENTS AT ISSUE AND OVERVIEW OF THE PARTIES

To help you follow the evidence, I will now summarize the positions of the parties.

The parties in this case are Elizabeth Holmes and Theranos Inc., as plaintiffs, and Richard Fuisz, Joseph Fuisz, and Fuisz Pharma LLC as defendants. For simplicity, I will refer to the plaintiffs collectively as "Theranos" and the defendants collectively as "the Fuisz parties."

The case involves a United States patent obtained by Richard Fuisz and Joseph Fuisz, and transferred by Richard and Joseph Fuisz to Fuisz Pharma LLC. The patent is United States Patent Number 7,824,612, which lists Richard and Joseph Fuisz as inventors. For convenience, the parties and I will often refer to this patent as the '612 patent, 612 being the last three digits of its patent number.

Theranos filed suit in this court seeking to correct the identification of inventors on the '612 patent. Theranos contends that Elizabeth Holmes and Timothy Kemp are the true inventors of the subject matter claimed in the '612 patent, and that Richard and Joseph Fuisz used Theranos's secret information to prepare and prosecute the application for the '612 patent. Accordingly, Theranos seeks to correct the '612 patent 1) to add Elizabeth Holmes and Timothy Kemp as inventors and 2) to remove Richard and Joseph Fuisz as named inventors.

Theranos also contends that the '612 patent is invalid because it is obvious over the prior art, including Theranos's own patents, patent applications, and other materials that qualify as prior art under the law. Specifically, Theranos argues that the PTO did not evaluate whether the '612 Patent should issue in light of the Theranos Provisionals and other prior art to the '612 Patent, and that the '612 patent should be found invalid in light of this prior art. Additionally, Theranos contends that the '612 patent is unenforceable due to inequitable conduct committed by Richard and Joseph Fuisz during the prosecution of the '612 patent before the PTO. Specifically, Theranos argues that the Fuiszes deliberately withheld material information from the PTO and provided incorrect information to the PTO. Finally, Theranos contends that the Fuisz Parties were unjustly

5

enriched at Theranos's expense by wrongfully obtaining the '612 Patent only in the names of Richard and Joseph Fuisz.

The Fuiszes deny these claims.

Your job will be to decide whether Elizabeth Holmes and Timothy Kemp are the inventors of the subject matter claimed in the '612 patent, whether Richard and Joseph Fuisz should be removed as inventors, whether any or all of the claims in the '612 patent are invalid in light of the prior art and/or unenforceable because of inequitable conduct, and whether the Fuisz parties have been unjustly enriched.

## IV. INTERPRETATION OF CLAIMS

Before you decide the questions of inventorship and invalidity, you will need to understand the patent claims. As I mentioned, patent claims are numbered sentences at the end of the patent that describe the boundaries of the patent's protection. It is my job as judge to explain to you the meaning of any language in the claims that needs interpretation.

I have already determined the meaning of certain terms of the claims of the '612 patent. You have been given a document reflecting those meanings. You are to apply my definitions of these terms throughout this case. However, my interpretation of the language of the claims should not be taken as an indication that I have a view regarding issues such as inventorship and invalidity. Those issues are yours to decide. I will provide you with more detailed instructions on the meaning of the claims before you retire to deliberate your verdict.

# V. WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

1. the sworn testimony of any witness;

2. the exhibits which are received into evidence; and

3. any facts to which the lawyers have agreed.

## WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the sworn testimony of witnesses and exhibits received into evidence or facts to which the lawyers have agreed. Certain things are not evidence, and you may not consider them in deciding what the facts are.

1. Arguments and statements by lawyers or by Dr. and Mr. Fuisz acting as their own legal representatives are not evidence. Because the Fuiszes represent themselves in this proceeding, only certain statements made by them constitute evidence. When the Fuizes are witnesses at this trial and offer sworn testimony, that testimony constitutes evidence. The Fuizes questions, arguments or objections when not on the witness stand are not evidence. The lawyers are also not witnesses. What the parties have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers or legal representatives have stated them, your memory of them controls.

2. Questions and objections by legal representatives are not evidence. Attorneys and legal representatives have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

3. Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered.

4. Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at trial.

8

Case No. 5:11-cv-05236-PSG
[PROPOSED] PRELIMINARY JURY INSTRUCTIONS

## VI. EVIDENCE FOR A LIMITED PURPOSE

Some evidence may be admitted for a limited purpose only.

If I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

## VII. DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

By way of example, if you wake up in the morning and see that the sidewalk is wet, you may find from that fact that it rained during the night. However, other evidence, such as a turned on garden hose, may provide a different explanation for the presence of water on the sidewalk. Therefore, before you decide that a fact has been proved by circumstantial evidence, you must consider all the evidence in the light of reason, experience, and common sense.

## VIII. OUTLINE OF TRIAL

The trial will now begin. First, each side may make an opening statement. An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show.

The presentation of evidence will then begin. Witnesses will take the witness stand and the documents will be offered and admitted into evidence.

Theranos will present its evidence on its contention that Ms. Holmes and Mr. Kemp are the true inventors of the subject matter of the claims of the '612 patent, that the Fuiszes are not properly named as inventors, that the claims of the '612 patent are invalid and/or unenforceable, and that the Fuisz parties have been unjustly enriched by procuring the '612 patent.

After Theranos has presented its witnesses, the Fuisz parties will call their witnesses, who will also be examined and cross-examined. The Fuisz parties will put on evidence responding to Theranos's contentions.

Theranos will then return and will have the option to put on what is referred to as "rebuttal" evidence to any evidence offered by the Fuisz parties.

Because the evidence is introduced piecemeal, it is important to keep an open mind as the evidence comes in and wait for all the evidence before you make any decisions. In other words, you should keep an open mind throughout the entire trial.

The parties may present the testimony of a witness by reading from his or her deposition transcript or playing a videotape of the witness's deposition testimony. A deposition is the sworn testimony of a witness taken before trial and is entitled to the same consideration as if the witness had testified at trial.

## IX. RULING ON OBJECTIONS

There are rules of evidence that control what can be received into evidence.  When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object.  If I overrule the objection, the question may be answered or the exhibit received.  If I sustain the objection, the question cannot be answered, and the exhibit cannot be received.  Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence.  That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

## X. CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

1. the opportunity and ability of the witness to see or hear or know the things testified to;

2. the witness's memory;

3. the witness's manner while testifying;

4. the witness's interest in the outcome of the case and any bias or prejudice;

5. whether other evidence contradicted the witness's testimony;

6. the reasonableness of the witness's testimony in light of all the evidence; and

7. any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

## XI. CONDUCT OF THE JURY

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors about the case until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

You may not have any contact, or engage in any communications, with the lawyers or witnesses in this case. If they avoid you in the courthouse or do not make eye contact, you should

not think that they are being rude or unfriendly.  Rather, they are simply adhering to the rule that there shall be no contact with the jurors.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address.  A juror who violates these restrictions jeopardizes the fairness of these proceedings.  If any juror is exposed to any outside information, please notify the court immediately.

**IT IS SO ORDERED.**

Dated: March 12, 2014

_____
PAUL S. GREWAL
United States Magistrate Judge